IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNATHON MOHR,<br>for himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br><br>THE TRUSTEES OF THE UNIVERSITY<br>OF PENNSYLVANIA,<br><br>Defendant. | )<br>)<br>)<br>)  Case 2:23-cv-00731-CFK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### **DEFENDANT TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA'S EMERGENCY MOTION FOR TEMPORARY STAY OF REMAND ORDER**

Defendant The Trustees of the University of Pennsylvania ("Defendant") respectfully moves this Court to temporarily stay the execution of its Order granting Plaintiff's motion to remand (the "Order")(ECF No. 17). This temporary stay would allow Defendant time to file a formal motion to stay remand pending appeal, which formal motion Defendant will file within ten days or as soon as the Court requests. Defendant further requests that the Court instruct the Clerk not to send a certified copy of the Order to the Court of Common Pleas for Philadelphia County, in order to preserve the *status quo* until such time as Defendant's request for a stay pending appeal has been fully resolved.[1]

At 8:51 a.m. today, the Court issued its Opinion (ECF No. 16) explaining the basis for the Court's decision to remand and issued the Order a few minutes later. Defendant will soon appeal this decision to the United States Court of Appeals for the Third Circuit. Two United States

---

[1] Counsel for Defendant asked counsel for Plaintiffs to consent to the relief sought by this Motion. Plaintiff's counsel has not yet responded.

District Courts in the Third Circuit have reached opposite conclusions under essentially identical circumstances. *Compare*, Order (remanding website tracking class action case removed by the healthcare provider under federal officer removal statute) with *Doe v. UPMC*, 2020 WL 4381675, at *6 (W.D. Pa. July 31, 2020)(denying remand under the same circumstances). Defendant has a right to appeal the Order because it removed this case under the federal officer removal statute. While generally "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal," an "order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d). The United States Supreme Court recently made clear that on appeal, a Court of Appeal is to review "any issue fairly encompassed within" a remand order of a case removed pursuant to the federal officer removal statute. *BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1540, 1542 (2021).

      This Court has the inherent authority to issue a temporary stay of its remand motion. *See, e.g., Delaware ex rel. Jennings v. BP Am. Inc.*, No. CV 20-1429-LPS, 2022 WL 605822, at *1 (D. Del. Feb. 8, 2022)(hereafter, "*Jennings*")(staying remand of case removed under the federal officer removal statute, pending appeal to the Third Circuit). "Whether or not to stay litigation is a matter committed to the discretion of the district court as part of its inherent power[.]" *Id*. at *1. *Accord*, *Cost Bros., Inc. v. Travelers Indem. Co*., 760 F.2d 58, 60 (3d Cir. 1985). In *Jennings*, after full briefing, the district court granted a stay:

> Without a stay, the case would be remanded to the Delaware Superior Court and Defendants would need to litigate the merits of Plaintiff's claims in state court while simultaneously pressing their appeal in the Third Circuit. During the pendency of the appeal, the Delaware Superior Court could (and would be within its rights to) rule on various substantive and procedural motions, including dispositive motions that require the adjudication of the parties' claims and defenses. There may be no practical way to "un-ring the bell" of the state court's intervening rulings if the Third

> Circuit ultimately determines that the case should proceed in federal court. Thus, in the Court's view, the likelihood of irreparable injury is real[.]

*Jennings*, 2022 WL 605822, at *3.  The district court therefore concluded that "The interests of judicial economy and the conservation of public resources strongly favor a stay. The public interest would be best served by avoiding the possibility of unnecessary or duplicative litigation and concentrating resources on litigating Plaintiff's claims in the proper forum after the Third Circuit determines the jurisdictional issues presented in this case." *Id*.

Defendant contends, and will show on full briefing, that a similar temporary stay is justified in this case.  Defendant requests time to fully argue the merits of a temporary stay to avoid the waste of state judicial resources and irreparable injury to Defendant that may otherwise ensue while the Third Circuit reviews this issue.

Dated: April 21, 2023

Respectfully submitted,

/s/ Mark S. Melodia
Mark S. Melodia (I.D. No. 53515)
HOLLAND & KNIGHT LLP
31 W. 52nd Street, 12th Floor
New York, NY 10019
(212) 513-3583
Mark.Melodia@hklaw.com

Paul Bond (admitted pro hac vice)
HOLLAND & KNIGHT LLP
Cira Centre, Suite 800
2929 Arch Street
Philadelphia, PA 19104
(215) 252-9535
Paul.Bond@hklaw.com

*Counsel for Defendant Trustees of the University of Pennsylvania*